# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3502

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri |
| Thomas F. King, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:   February 7, 2000

Filed:   February 18, 2000

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Thomas King appeals from the final judgment entered in the District Court[1] for the Western District of Missouri upon his guilty plea to possessing an unregistered firearm silencer, in violation of 26 U.S.C. § 5861(d).  The district court sentenced appellant to seventy-eight months imprisonment and three years supervised release.  Counsel has filed a brief and moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967).  For reversal, counsel suggests the district court erred in (1) assigning

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

criminal history points to King's three Missouri municipal court convictions noted in the criminal history set forth in the presentence report (PSR), (2) determining that King was a "prohibited person" for purposes of establishing his base offense level under U.S.S.G. § 2K2.1(a)(4)(B) (1998), (3) determining that King possessed 8-12 firearms warranting a 3-level enhancement under U.S.S.G. § 2K2.1(b)(1)(C) (1998), and (4) determining that King possessed the firearms in connection with another felony offense, resulting in an additional 4-level enhancement under U.S.S.G. § 2K2.1(b)(5). Although we granted King permission to file a pro se supplemental brief, he has not done so. For the reasons discussed below, we affirm the judgment of the district court.

Although King had initially objected to the PSR's use of all three municipal court convictions in calculating his criminal history, at sentencing he withdrew his objections to the use of two of the convictions. Because he intentionally relinquished or abandoned these claims of error below, we need not review them on appeal. See United States v. Olano, 507 U.S. 725, 733 (1993). The probation officer presented to the district court certified municipal court records verifying the third conviction, which the district court properly relied upon in overruling King's objection. See U.S.S.G. § 6A1.3(a) (1998) (court may rely on information which has sufficient indicia of reliability, without regard to its admissibility under rules of evidence).

At sentencing, King conceded that he met the definition of a prohibited person by being an unlawful user of controlled substances, see U.S.S.G. § 2K2.1, comment. (n.6) (1998), and conceded that he possessed at least 8 firearms at the time of his arrest. Under Olano, therefore, we also need not review his claims that the district court erred in making these determinations.

Finally, King did not argue below that he did not possess the firearms in connection with another felony offense; he only argued that applying an enhancement on that basis constituted impermissible double-counting. Accordingly, we review for plain error, see United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en

banc), and we find none because the district court properly relied upon the unobjected-to factual portions of the presentence report which establish that King possessed the firearms in connection with another felony offense, possession of a controlled substance, see Fed. R. Crim. P. 32(b)(6)(D) (district court may accept unobjected-to portions of PSR); United States v. Rodamaker, 56 F.3d 898, 902 (8th Cir. 1995) (district court may rely on facts in PSR where objections are to conclusions drawn from facts, not to facts themselves).

After review of counsel's Anders brief, along with our independent review of the record in accordance with Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm the judgment of the district court and grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.